IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Linord Thames (#R-09250), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:22-cv-50046 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Sonja Nicklaus, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

For the reasons set forth below, it is this Court's report and recommendation that Defendants' request for dismissal of the complaint for failure to exhaust available administrative remedies be granted and that Plaintiff's claims be dismissed without prejudice. Any objection to this report and recommendation must be filed by May 4, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**BACKGROUND**

On February 15, 2022, Plaintiff Linord Thames, a prisoner at Dixon Correction Center (Dixon), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that administrators and staff at Dixon failed to take necessary precautions regarding the COVID-19 pandemic. Dkt. 1. Specifically, Plaintiff alleges that the administrators, including Defendant Tack, failed to quarantine sick inmates and as a result, he contracted the virus in October of 2020. Plaintiff alleges he informed Defendant Nurse King about his symptoms on October 21, 2020, and her response was to tell him to put in for sick call, resulting in a delay in testing and treatment. On November

1

2, 2020, Plaintiff alleges he was having difficulty breathing and tested positive for COVID-19. As a result, Plaintiff alleges Defendant Phillips made him pack his belongings himself, and despite his difficulty breathing due to symptoms of COVID-19, including low oxygen levels, Phillips forced Plaintiff to move all his belongings into a different building. *Id*. at p. 8. Plaintiff alleges Defendant Allen was the Healthcare administrator and failed to train her employees regarding proper protocols regarding the virus resulting in inmates, including Plaintiff, contracting the virus. *Id*. Plaintiff alleges he notified Defendant Nurse King and Correctional Officer Nutt of his symptoms and they refused to assist him with getting care. *Id*. at 8-9.

On May 4, 2022, the District Judge allowed Plaintiff to proceed on his deliberate indifference claim against six Defendants: Sonja Nicklaus, Amber Allen, Nurse King, Sergeant Phillips, Assistant Warden Tack, and Correctional Officer Nutt. Dkt. 7. Defendants answered the complaint and raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Dkt. 20. The parties completed limited discovery, and Defendants submitted briefing on Plaintiff's exhaustion of his administrative remedies. On March 8, 2023, the Court held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The parties introduced several exhibits at the hearing, Dkts. 38-39, and called the following witnesses: Plaintiff, Dixon Correctional Counselor Taylor Gee, Dixon Grievance Officer Brett Wells, and Administrative Review Board (ARB) Chairperson Travis Bayler.

## DISCUSSION

Defendants argue that Plaintiff did not properly exhaust his administrative remedies because he failed to appeal the grievance at issue to the ARB.

**I. Evidence at the Hearing**

Plaintiff submitted a grievance dated November 15, 2020, namely grievance #6073, regarding Dixon's response to the COVID-19 pandemic. Dkt. 38, Ex. 2. The correctional counselor responded to the grievance on December 11, 2020. Plaintiff was dissatisfied with the counselor's response and submitted the grievance to the grievance officer on December 21, 2020. Dkt. 38, Ex. 3. The grievance officer reviewed and responded to the grievance on January 29, 2021, and the warden, or her designee, agreed with the grievance officer's response on February 1, 2021. Mr. Wells testified that an inmate has 30 days from the date of the warden's decision to appeal to the ARB. He further testified that the Offender's Appeal to the Director section of the grievance response form also states that any appeal must be received by the ARB within 30 days of the warden's decision. *See* Dkt. 38, Ex. 3.

Ms. Gee testified that at Dixon, all grievances are entered into a cumulative counseling summary, also known as CHAMP. Ms. Gee further testified that all incoming and outgoing inmate legal mail, including any mail to or from the ARB, and any request for help by an inmate are similarly entered into CHAMP. Ms. Gee testified that Plaintiff's CHAMP record for the period between February 1, 2021, and March 15, 2021, contained no entry showing Plaintiff mailed anything to the ARB or any communication with Plaintiff regarding appealing a grievance to the ARB. *See* Dkt. 38, Ex. 4. Additionally, Mr. Wells testified that Dixon's grievance office also maintains a separate log of all inmate grievances for tracking purposes. Plaintiff's grievance log for the period between April 2020 and September 2022 contained only one grievance related to COVID-19, namely Plaintiff's grievance #6073. *See* Dkt. 38, Ex. 5.

Mr. Bayler testified that when an inmate appeals a grievance officer's response, they mail their grievance appeal to the ARB. Once the ARB receives the grievance, it is stamped to show

3

the date it was received. It is then entered into an electronic database and stored in a physical file at the ARB. Mr. Bayler testified that Plaintiff's grievance file with the ARB revealed no record of Plaintiff appealing grievance #6073 or any grievance regarding COVID-19. Plaintiff's grievance history shows that he submitted a total of five grievances to the ARB. *See* Dkt. 38, Ex 1. Two grievances in 2015 and 2021 were returned for noncompliance with the regulations and three in 2016, 2017, and 2018 were reviewed and given a final determination. Mr. Bayler testified that because Plaintiff submitted three grievances that proceeded to a final determination with the ARB, it was his opinion that Plaintiff knew how to properly file and appeal a grievance.

Plaintiff testified that he mailed his appeal for grievance #6073 but was not sure if he mailed it to the ARB or another entity. The grievance attached to Plaintiff's complaint shows that Plaintiff signed the Offender's Appeal to the Director section of the grievance response form on February 15, 2021. Dkt. 8 at 36. However, Plaintiff testified that he may have mistakenly mailed his grievance appeal to a state court judge or the Prisoner Review Board (PRB) instead of the ARB.[1] Plaintiff's CHAMP record shows that Plaintiff sent mail to a state court judge and to the PRB on February 23, 2021. Dkt. 38, Ex. 4. Plaintiff also testified that the state court judge notified him on February 25, 2021, that he mistakenly sent his clemency documents to her. Plaintiff explained that he was filing a lot of documents at that time and may have mailed his grievance appeal to the wrong place. Plaintiff also testified that in September 2021, he wrote a letter to the ARB inquiring about the status of his grievance appeal but received no response. Plaintiff's

---

[1] The Prisoner Review Board is a separate state agency, outside of the jurisdiction of the Illinois Department of Corrections.

4

CHAMP record shows outgoing mail to the ARB on September 29, 2021. Dkt. 38, Ex. 4; *see also* Dkt. 39, Ex. 5.[2]

## II. Legal Standard

The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory, and "a court may not excuse a failure to exhaust." *Ross v. Blake*, 578 U.S. 632, 639 (2016). "Grievances are intended to '[allow prisons] to address [issues] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record.'" *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *see also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) ("The exhaustion requirement's primary purpose is to alert [] the state to the problem and invit[e] corrective action.") (internal quotation marks and citation omitted).

To exhaust administrative remedies, a prisoner must use "'all steps that the agency holds out," and he must "do[] so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). Because Plaintiff is housed in an IDOC facility, he must abide by the grievance process established

---

[2] Plaintiff also testified that he was notified that the orientation manual at Dixon, which outlines the grievance process, was changed in 2017 but he was not provided with an updated copy. However, Plaintiff does not dispute that he was required to appeal to the ARB, and he signed the grievance form which specifically states that an appeal must be submitted to the ARB. *See* Dkt. 8, at 36. The record does not support a finding that Plaintiff was unaware of the need to appeal to the ARB.

5

by Illinois law, codified in 20 Ill. Admin. Code §§ 504.800, *et seq.* Under those provisions, a prisoner must submit a grievance to his institutional counselor "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a).

If the institutional counselor does not informally resolve a grievance, the Grievance Officer reviews the grievance, provides a written response to the prisoner, and sends written findings and recommendations to the Chief Administrative Officer (CAO). 20 Ill. Admin. Code § 504.830(a), (e). The CAO then sends a written decision to the prisoner. 20 Ill. Admin. Code § 504.830(e). If the prisoner is still dissatisfied, he may appeal in writing to the IDOC Director or the Director's designees on the ARB within thirty days after the date of the CAO's decision. 20 Ill. Admin. Code § 504.850(a). The ARB shall then submit a written report of its findings and recommendations to the IDOC Director, who shall review them and make a final determination of the grievance. 20 Ill. Admin. Code § 504.850(d)-(e). An inmate does not exhaust his administrative remedies until the ARB rules upon his appeal. *See* 20 Ill. Admin. Code § 504.850.

Strict adherence to the exhaustion requirements is required. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.* (citations omitted).

Failure to exhaust administrative remedies is an affirmative defense, and Defendants maintain the burden of proving by a preponderance of the evidence that an administrative remedy was available to Plaintiff and that Plaintiff failed to exhaust that remedy. *See Jones*, 549 U.S. at

216; *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005); *Hebron v. Baldwin*, No. 17-cv-6254, 2020 WL 757900, at *1 (N.D. Ill. Feb. 14, 2020) (citing *Jones v. Dart*, No. 14-cv- 1929, 2016 WL 1555588, at *2 (N.D. Ill. Apr. 18, 2016) (collecting cases)).

## III. Analysis

Defendants argue that while Plaintiff completed the first steps of the grievance process when he submitted his grievance to the correctional counselor and then to the grievance officer for review and the warden's response, he failed to appeal his grievance to the ARB as required under 20 Ill. Admin. Code § 504.850(a). This Court agrees.

The Court finds that the record credibly establishes that Plaintiff was aware of the grievance process and had successfully completed the grievance process in the past. The Court also finds that Plaintiff submitted his grievance to the correctional counselor and when he was dissatisfied with the counselor's response he submitted the grievance, as required, to the grievance officer for review and for a response by the warden or the warden's designee. Plaintiff knew he was required to appeal the warden's decision to the ARB. The Court also finds Plaintiff's testimony that he mailed his grievance appeal within 30 days as required to be credible. However, Plaintiff admits that he may have mistakenly mailed his appeal to the wrong place. There is no exception to the exhaustion process for mistakenly mailing a grievance appeal to the wrong entity.

To complete the grievance process, Plaintiff was required to appeal his grievance to the ARB within thirty days of the warden's decision. 20 Ill. Admin. Code § 504.850(a). The Seventh Circuit requires strict compliance with the PLRA's exhaustion requirements. *Dole*, 438 F.3d at 809. Accordingly, an inmate "who does not properly take each step within the administrative process has failed to exhaust [administrative] remedies, and thus is foreclosed by § 1997e(a) from

litigating." *Pozo*, 286 F.3d at 1024. "[A] court may not excuse a failure to exhaust." *Ross*, 578 U.S. at 639.

The evidence Defendants have presented shows that Plaintiff failed to exhaust his administrative remedies by failing to appeal to the ARB. Plaintiff's CHAMP record in February and March 2021 shows outgoing mail to a state court judge and the PRB, but not the ARB. Moreover, Plaintiff's grievance history with the ARB establishes that he knew how to appeal a grievance but there was no record of Plaintiff appealing grievance #6073 or any grievance regarding COVID-19. Accordingly, the Court finds that Defendants have meet their burden to show that Plaintiff failed to exhaust his available administrative remedies regarding the grievance underlying his claims in this case as required under the PLRA.

## CONCLUSION

For the reasons stated above, it is this Court's report and recommendation that Defendants' request for dismissal of the complaint for failure to exhaust available administrative remedies be granted and that Plaintiff's claims be dismissed without prejudice. Any objection to this report and recommendation must be filed by May 4, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: April 20, 2023      By: *Lisa A. J[ensen]*
                                                Lisa A. Jensen
                                                United States Magistrate Judge